# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:16CR00028-001 |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **ANGEL SOLIZ, SR.,**   ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.   ) | |

*Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motion has been fully briefed and is ripe for decision.

I.

Defendant Soliz was sentenced by this court by judgment entered December 14, 2016, after pleading guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). He was determined to have a sentencing guideline range of 324 to 405 months, based on a total offense level of 38 and a criminal history category of IV, but was sentenced to the statutory maximum of 240 months imprisonment. Soliz was 56 years old when sentenced. While incarcerated prior to his sentencing, he was diagnosed and treated for hypertension, hyperlipidemia, hypothyroidism, diabetes, and end stage kidney disease secondary to longstanding diabetes. He received hemodialysis three days per week. Presentence Investigation Report ¶ 88, ECF No. 155.

Soliz is incarcerated at FMC Devens, which includes a Bureau of Prisons medical center. On August 19, 2019, he filed with the Warden of the institution a request for compassionate release based "on being medically terminal." Emergency Mot. Attach. 13, ECF No. 210-1. The Warden denied the request on September 3, 2019, stating as follows:

> A review of your request indicates that your circumstances are not extraordinary or compelling. It has been determined that you do not have a terminal medical condition with a life expectancy of 18 months or less. While you do have a condition with an end-of-life trajectory, you do not have end-of-life indicators that would establish a prognosis of terminal. You have a medical history of end stage renal disease on hemodialysis, hypertension, paroxysmal atrial fibrillation, hypothyroidism, anemia of chronic disease, diabetes, diabetic

>polyneuropathy, obstructive sleep apnea, colonic polyps, gastro-esophageal reflux disease without esophagitis, and coronary artery disease. Your medical conditions are treatable and FMC Devens is able to manage your medical needs at this time.

*Id.* Soliz sought to administratively appeal the Warden's denial, but his appeals were rejected, apparently on the grounds that they were untimely.

On April 14, 2020, Soliz filed a pro se motion in this court seeking a reduction in his sentence based on his end stage kidney disease and the ongoing coronavirus pandemic. The court appointed the Federal Public Defender to represent Soliz. In its response to Soliz's motion, the United States argues that Soliz had not exhausted his administrative remedies because of his faulty appeals, and because his administrative request did not include the risk of the Covid-19 disease. Alternatively, it contends that the Bureau of Prisons has adopted adequate policies to protect inmates and staff from infection. Soliz's counsel argues that Soliz has exhausted any administrative remedy required by his request to the Warden and disputes the contention that the Bureau of Prisons is adequately protecting inmates such as Soliz, whose medical conditions place him at a higher risk of infection.

II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The regulations adopted by the Bureau of Prisons provide that when an inmate's request under § 3582(c)(1)(A) is denied by the warden, the inmate may appeal the denial through the Administrative Remedy Procedure (ARP). 28 C.F.R. § 571.63(a) (2018). The ARP provides for an appeal by the inmate within 20 days to the appropriate Regional Director, and from there within 30 days to the General Counsel of the Bureau of Prisons. *Id*. at § 542.15(a). A denial by the General Counsel constitutes a final administrative decision. *Id*. at § 571.63(b).

I have held that the proper interpretation of § 3582(c)(1)(A) is to excuse full exhaustion of administrative remedies "only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request." *United States v. Nance*, 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (citing *United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020). In other words, when a warden denies an inmate's request within 30 days, the inmate needs "to exhaust his administrative remedies to appeal the warden's denial before filing." *United States v. Brummett*, No. 6:07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020). *Accord, e.g.*, *United States v. Eisenberg*, No. 16-cr-157-LM, 2020 WL 1808844, at *1 (D.N.H. Apr. 9, 2020); *United States v. Mattingley*, No. 6:15-cr-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020);

*United States v. Hilton*, No. 1:18cr324-1, 2020 WL 836729, at *2 (M.D.N.C. Feb. 20, 2020).

There are cases to the contrary. *See, e.g.*, *United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) (holding that the statute allows an inmate the choice of either fully exhausting all administrative remedies or "simply to wait 30 days after serving his petition on the warden at his facility before filing a motion in court"). However, I find requiring full exhaustion unless the warden does not respond within the time limit imposed more likely corresponds with congressional intent. It balances the advantage of prompt consideration of an inmate request with the equal advantage to the inmate of permitting further review of the warden's denial by officials who are likely to have a broader view of the policies involved. If the interpretation were otherwise, there would be no reason for the statute's express condition of full exhaustion of administrative remedies. Congress would merely have provided that an inmate's motion can be filed any time after 30 days from his submission to the warden. If denied or not acted upon, the inmate could then file his motion in the sentencing court or if he felt he might fare better administratively, wait for the warden's response and pursue his administrative appeals, with the option at any time of abandoning the administrative process and filing his motion.

Accordingly, I do not accept Soliz's argument that the fact that 30 days has passed since he filed a request with the Warden satisfies the exhaustion requirement, or that the request that he filed was sufficient to cover the added ground of the Covid-19 risk, a risk that was unheard of at the time of his request to the Warden. I will deny the motion because of the movant's failure to exhaust all administrative rights to appeal.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 210, is DENIED.

ENTER: May 14, 2020

/s/ JAMES P. JONES
United States District Judge