## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:16CR00028-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANGEL SOLIZ, SR.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

Angel Soliz, Sr., a federal inmate, has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  I find that Soliz' existing medical conditions do pose increased risks to a more serious outcome in the event of his infection by the coronavirus disease, but that fact does not outweigh the danger that he poses to the community and that a reduced sentence would not sufficiently meet the goals of 18 U.S.C. § 3553(a).  Thus, the motion will be denied.

### I.

Soliz is 60 years old and suffers from end-stage renal disease, diabetes, obesity, hypertension, and depression.  He treats his kidney failure with dialysis three times per week and takes several medications for his other conditions.

In 2016 Soliz pleaded guilty in this court to conspiracy to distribute and posses with the intent to distribute methamphetamine in violation of  21 U.S.C. §§ 841(b)(1)(C), 841(a)(1), 846.  Soliz admitted that he and five other indicted co-conspirators executed a scheme to purchase over 30 kilograms of methamphetamine and transport the narcotics across state lines into the Western District of Virginia for distribution.  Although the U.S. Sentencing Guidelines (USSG) recommended that Soliz be imprisoned for a term between 324 to 405 months, the statute he was convicted under, 21 U.S.C. § 841(b)(1)(C), fixed a maximum sentence of 240 months.  Accordingly, I sentenced Soliz to the lesser term.  He has currently served 46 months — roughly 20% of his sentence — and is expected to be released on February 27, 2033.

Soliz has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that a sentence reduction is warranted because he suffers from kidney failure which places him at an increased risk of death if he were to contract Covid-19, and in addition he has now been rehabilitated.  The government has filed a response in opposition.  The motion has been briefed and is ripe for decision.

## II.

The governing statute, 18 U.S.C. § 3582(c)(1)(A),  provides that if a defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion for compassionate release on their behalf, upon a motion

from the inmate, a court may reduce their sentence and impose a term of probation or supervised release if, after considering the factors set forth in 18 U.S.C. § 3553(a), extraordinary and compelling reasons warrant such a reduction; or the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with the policy statement issued by the Sentencing Commission.

The administrative exhaustion and extraordinary and compelling reason requirements are satisfied here.  First, the parties agree that Soliz has exhausted all administrative rights to appeal the Bureau of Prison's July 7, 2020, denial of his request for compassionate release.  Mot. Compassionate Release Ex. A, ECF No. 233; Resp. Req. Modify Sentence 5, ECF No. 241.

Second, the government does not contest that Soliz' end-stage renal disease is a "terminal illness," a medical condition that per se qualifies under the policy statement as an extraordinary and compelling reason to warrant a reduction in his sentence.  USSG § 1B1.13 cmt. n.(1)(A)(i); Resp. Req. Modify Sentence 5, ECF No. 241.

While Soliz does suffer from a terminal illness, this is unlike *United States v. Beck* which he cites in support of his motion, where a district court concluded the Bureau of Prisons' delayed medical treatment to the inmate's cancer was "grossly inadequate" and warranted a reduction in her sentence "to provide the defendant

3

with needed . . . medical care . . . in the most effective manner." 425 F. Supp. 3d 573, 581, 586 (M.D.N.C. 2019) (quoting 18 U.S.C. § 3553(a)(2)(D)). Here, Soliz has not alleged any deficiencies in the Bureau of Prison's medical treatment for his kidney disease, or that release would provide him with more effective medical care. Nevertheless, suffice it to say that Soliz' kidney failure weighs toward reducing his sentence.

## B.

While Soliz' medical condition is extraordinary and compelling, unfortunately the analysis does not end there. I must also consider whether Soliz poses a danger to the safety of another or to the community as provided in 18 U.S.C. § 3142(g), and whether a reduced sentence would satisfy the goals of 18 U.S.C. § 3553(a). The other considerations outweigh Soliz' medical condition; therefore, it is not appropriate to reduce his sentence.

## 1.

When considering whether a defendant is a danger to the safety of another person or the community, the court must look to 18 U.S.C. § 3142(g) which considers:

> (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2)    the weight of the evidence against the person;

4

(3)     the history and characteristics of the person, including --

(A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

Considering these factors on a whole, Soliz poses a danger to the community. Prior to his 2016 conviction, Soliz' criminal history includes illegal weapons convictions (1979 and 1994), possession with intent to distribute marijuana (1995), and manufacture/delivery of cocaine (2008). Presentence Investigation Report (PSR) 14–15, ECF No. 216. I sentenced Soliz in 2016 for his participation in a complex conspiracy to distribute another controlled substance, methamphetamine. The government compiled substantial evidence against him and the co-conspirators, including surveillance of drug trafficking, records of financial transactions, and testimony from unindicted co-conspirators. *Id*. at 5–8. Furthermore, Soliz committed these crimes while on parole after serving just three years of a 30-year sentence for manufacturing cocaine. *Id*. at 16. In sum, Soliz' most recent conviction evidences a continued pattern of not mere personal use or addiction, but rather manufacturing and distributing controlled substances to others in the community.

To be sure, Soliz has several personal characteristics that could to some degree palliate the danger he poses. Soliz is now 60 years old and undergoes dialysis three days per week. Emergency Mot. Compassionate Release Ex. B, at 2, ECF No. 240. He has ties to the Houston, Texas, community through his three siblings and four adult children who resided there at the time of his conviction. PSR 16, ECF No. 216. Also, Soliz has taken steps while incarcerated to further his education and has not violated any disciplinary rules while incarcerated. Mot. Permit Late Filing Ex. 1, ECF No. 236-1.

But considering all the circumstances, any of Soliz' mitigating personal characteristics do not outweigh the danger to the community which he poses when considering the seriousness of his crime and his demonstrated history of recidivating while on release from incarceration.

### 2.

Moreover, the sentencing factors under § 3553(a) indicate that reducing his sentence at this juncture would be inadequate to punish and deter Soliz for this serious offense while also insufficient to protect the public. Under 18 U.S.C. § 3553(a)(2) the court must consider "the need for the sentence imposed":

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A reduced sentence would be insufficient to reflect the seriousness of his methamphetamine conspiracy, to deter Soliz from future crimes indicated by his history of recidivism, or to protect the public from the latter.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's motion, ECF No. 233,  is DENIED.

ENTER:  October 13, 2020

/s/  JAMES P. JONES_____
United States District Judge